IRWIN GREEN & DEXTER, L.L.P.

ATTORNEYS AT LAW

301 W. PENNSYLVANIA AVENUE
TOWSON, MARYLAND 21204
TELEPHONE: 410-832-0111
FAX: 410-832-5544
E-MAIL: IGD@IGDLAW.COM
WWW.IGDLAW.COM

DAVID B. IRWIN
ROBERT B. GREEN
VICKI L. DEXTER

BALTIMORE
WORLD TRADE CENTER

September 19, 2008

**VIA ELECTRONIC FILING**
The Honorable Marvin J. Garbis
Judge, United States District Court
United States District Court
  for the District of Maryland
101 West Lombard Street
Chambers 5C
Baltimore, MD 21201-2626

        Re:    United States of America v. Brian H. Davis
               Case Nos. MJG-96-0477; MJG-98-0501

Dear Judge Garbis:

      Please accept this letter and the attached documents on behalf of Mr. Davis in anticipation of the hearing on his violation of supervised release scheduled before Your Honor on Wednesday, September 24, 2008 at 2:00 p.m. Mr. Davis is not contesting the general allegations contained in Mr. Tavik's excellent and detailed report. We will be presenting through this letter and at Wednesday's hearing, facts in mitigation of Mr. Davis' bad choices while on supervised release.

      It should be noted that Mr. Davis has for more than three and one-half years of his five-year term of supervised release, accomplished a great deal that is positive. It will be our plea to the Court that he not be returned to federal prison for the reasons stated herein:

      Charges 1and 6: Mr. Davis admits to consuming alcohol and receiving a probationary disposition in June, 2008 for a July, 2007 Baltimore County driving under the influence charge. Please see the attached letters from Nancy Shipley at S&S Counseling (Exhibit A) and Vernon Boozer, Esquire (Exhibit B) regarding Mr. Davis' sincere and lengthy efforts to continue treating his alcoholism, including paying approximately $2,000 for his 26-week program. It should be noted that he has successfully completed his probation and community service on that charge and that under Mr. Tavik's supervision he has never been positive on any drug or alcohol test. Please see attached letter from former Baltimore County Police Captain William Cotton (Exhibit C) concerning the background of Mr. Davis' DUI.

The Honorable Marvin J. Garbis
September 19, 2008
Page 2

Charges 2 and 5: Mr. Davis admits that he bought a $25,000 used BMW in October, 2006. He inflated his income on the loan application to obtain credit. As an ex-con with no recent credit history, he was socked with a 18% interest rate, financing $24,000. He was hoping that his income would increase through his sales commissions to the $67,000 per year claimed. He is current on his loan payments and there has been no loss to the lender. His current employment contract calls for a base salary of $46,800 per year with annual raises and bonuses. His employer pays $347.50 per month toward his automobile expenses, leaving him to pay $200 per month on the loan. Please see the attached letter from Mr. Davis' employer, Thomas M. Piraino (Exhibit D), the retail installment sale contract for his car (Exhibit E), and his history of payments on the loan from Wachovia Dealer Services (Exhibit F).

Charge 3: Mr. Davis admits that he failed to report part of his income on his 2006 Federal tax return. He has filed an amended return correcting this error and has retained tax attorney Howard Heneson to represent him in his continuing obligation to comply with Your Honor's order to cooperate in settling his previous outstanding liabilities to the IRS. Please see the attached 2006 Amended Tax Return (Exhibit G) and Mr. Heneson's letter of September 17, 2008 (Exhibit H).

Charge 4: Mr. Davis admits that he erroneously filled out his reporting forms to Mr. Tavik by not checking off the appropriate box concerning a post office box rental. As Mr. Tavik knows, and we will explain to the Court, Mr. Davis and his fiancee were forced from her condominium residence at 28 W. Allegheny Avenue in Towson on three different occasions due to flooding. This is not offered as an excuse for this violation.

As to the above violations which relate to any alleged use of funds by Mr. Davis that he should have been paying toward restitution, we offer the following mitigation. Although he was dumb enough to purchase a used BMW instead of some similarly priced Toyota, Mr. Davis was by no means living an elegant lifestyle. He had made approximately $10,000 restitution against his $45,000 total prior to notice of his violations. Since the notice, he has provided an additional $2,000 restitution and can continue to pay the balance if not incarcerated. In fact, his fiancee and Congresswoman Helen Bentley are in the process of borrowing the restitution balance. Please see the attached commitment letter (Exhibit I) and Clerk's Office receipt (Exhibit J) and restitution payment history (Exhibit K).

In summary, Mr. Davis apologizes for his violations and continues to struggle to make a living and trying to rehabilitate himself. He is, with the help of his fiancee, Congresswoman Helen Bentley, his employer, friends and his attorneys, attempting the difficult transition from a lengthy federal prison term to a useful member of society. (See Exhibit L). We will be imploring the Court to continue Mr. Davis on supervised release, or in the alternative, to impose a sentence of home confinement. Mr. Davis understands the seriousness of his violations and seeks the Court's mercy.

The Honorable Marvin J. Garbis
September 19, 2008
Page 3

Thank you for your consideration and attention to this matter.

Respectfully submitted,
/s/

David B. Irwin

DBI/tml
cc:  William Tavik, Special Offender Specialist (letter and attachments via first class mail)
       U.S. Probation and Pretrial Services
     Tamera Fine, Esquire (letter and attachments via first class mail)
        Assistant U.S. Attorney
I9658